UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| TYRONE EDWARDS, | CASE NO. 3:08 CV 680 |
|     Plaintiff, | CHIEF JUDGE JAMES G. CARR |
|   v. | |
| LUCAS COUNTY COURT OF COMMON PLEAS, et al., | OPINION AND ORDER |
|     Defendants. | |

On March 18, 2008, plaintiff pro se Tyrone Edwards, an inmate at the Allen Correctional Institution, filed this civil rights action against the Lucas County Court of Common Pleas, the Lucas County Prosecutor's Office, the Lucas County Clerk of Courts, and Bruce Quilter. The complaint alleges defendants have denied Edwards copies of documents connected with his criminal conviction in the Lucas County Court of Common Pleas. He asks the court "to vacate and set aside previous court sentence with recommendation of a lawsuit against Lucas County Prosecutor's Office for relief."

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779

(1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 501 (1973). Further, absent allegations that criminal proceedings terminated in plaintiff's favor or that a conviction stemming from the asserted violation of his rights was reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, he may not recover damages for his claim. Heck v. Humphrey, 512 U.S. 477 (1994).

Accordingly, this action is dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith

IT IS SO ORDERED.

S/ JAMES G. CARR
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

F.2d 1177, 1179 (6th Cir. 1985).